UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NORTHEAST SEAFOOD COALITION, INC. )  CIVIL ACTION
                                  )  NO.
     Plaintiff,                   )
                                  )
v.                                )
                                  )  04 11115 RGS
DONALD EVANS, Secretary of the    )
UNITED STATES DEPARTMENT OF       )
COMMERCE; WILLIAM HOGARTH         )
Assistant Administrator, NATIONAL OCEANIC )
AND ATMOSPHERIC ADMINISTRATION;   )
PATRICIA KURKUL, Regional Administrator )
NATIONAL MARINE FISHERIES SERVICE- )
NORTHEAST REGION                  )
                                  )
     Defendants.                  )

**INTRODUCTION**

1. The Plaintiff, Northeast Seafood Coalition, Inc. ("NSC") is a corporation duly organized under the laws of the Commonwealth of Massachusetts, with its principal office in Gloucester, Massachusetts. NSC brings this action on behalf of its member, which consist of fishermen, industry groups and community representatives from New York to Maine.

2. NSC files this action to meet the technical requirement of the Magnuson Stevens Fishery Conservation Act ("the Act") (16 USC §1855) in order to preserve its future ability to challenge certain unresolved issues pertinent to Amendment XIII to the Northeast Multispecies Fishery Management Plan ( the "FMP)" published as a final rule by the Defendants on April 27, 2004. As stated in section 305(f) of the Act, such a challenge must be filed within thirty days of publication of the final rule or such a challenge will be barred. Nevertheless, NSC continues to work diligently and in good faith through the ordinary rulemaking process, including proceedings ongoing with the New England Fishery Management Council, ("NEFMC") and in cooperation with the National Marine Fisheries Service to complete elements that were not included in Amendment XIII, but which are necessary to complete the important goal of ensuring conservation and continued rebuilding

1

of stocks, while lessening unnecessary adverse impacts on commercial fishing interests, communities, shoreside businesses and consumers. In light of the highly productive and cooperative process to date, and the Agency's stated intention to address and correct deficiencies in some of the measures, NSC believes it is highly likely that most, if not all, issues raised in this Complaint will be adequately resolved through ordinary rulemaking, rendering this matter moot.

3. NSC contends that the plan as it is currently implemented violates applicable law in at least the following measures or deficiencies:
   a. Amendment XIII does not provide adequate opportunity for fishing on healthy stocks such as Special Access Programs and for use of category "B" fishing days
   b. Amendment XIII places unworkable restrictions on fishing effort under the Transboundary Sharing Agreement with Canada.
   c. Amendment XIII contains "default measures" that provide for a further, automatic reduction in days at sea in 2006, and these default measures are designed to go into effect in those years _unless_ it is determined that stocks are meeting rebuilding trajectories consistent with the controversial biological reference points developed by the 2002 Working Group for Reassessment of Biological Alternatives. This backdoor reliance on these biological reference points in the first five years of the plan completely contradicts the adaptive management strategy upon which Amendment 13 is based. Under this strategy, the plan is deliberately and unambiguously intended to be a purely mortality driven plan for the first five years. Moreover, one of the reasons this adaptive, mortality rate driven plan was adopted was to defer consideration of the controversially high biomass targets developed by the 2002 Working Group for five years until a reassessment, based on five years of new information, could be undertaken. The default measures, by relying on the 2002 Working Group biomass targets in the first five years of the plan, directly raise the issue of the scientific and legal adequacy of the Working Group's biological reference points.

4. NSC notes that current rulemaking before the NEFMC and measures under consideration by the Defendants may moot, in whole or in part, the challenges which are asserted herein, and will temporarily withhold service and thereafter seek to stay this action pending the outcome of normal rulemaking.

## PARTIES

5. Plaintiff, Northeast Seafood Coalition, Inc. ("NSC") is a Massachusetts corporation with its principal place of business in Gloucester, Massachusetts. Many of NSC's members are

owners and/or operators of commercial vessels fishing out of ports in the Northeast region. They regularly fish in and are financially dependent on the areas affected by the FMP and Amendment 13 to that plan. NSC also represents communities and shoreside businesses that will also suffer severe economic and other harm as a result of the actions of Defendants complained of herein. Individually and through their fishing industry organizations, the Plaintiff's members continue to participate throughout the agency proceedings which are the subject of this action, raising the issues set forth in this action and proposing alternative management measures.

6. Defendant Donald Evans is Secretary of Commerce and is charged by the FCMA with carrying out the provisions of that statute, including promulgation of regulations to implement the Groundfish Fishery Management Plan.

7. Defendant William Hogarth is the Assistant Administrator at the National Oceanic and Atmospheric Administration ("NOAA"). NOAA is an agency within the Department of Commerce. Under regulations at 50 C.F.R. Part 648, the Assistant Administrator is responsible for carrying out duties established by the FCMA concerning approval and implementation of fishery management plans.

8. Defendant Patricia Kurkul is the Acting Regional Administrator of the National Marine Fisheries Service ("NMFS"). NMFS is part of the National Oceanic and Atmospheric Administration ("NOAA"), an agency within the Department of Commerce. Under regulations at 50 C.F.R. Part 600, the Regional Administrator is responsible for carrying out duties established by the FCMA concerning approval and implementation of fishery management plans.

## JURISDICTION AND VENUE

9. The actions of Defendants are reviewable under § 1855 of the Fishery Conservation and Management Act ("FCMA," 16 U.S.C. § 1801, et seq.); § 4332 of the National Environmental Policy Act ("NEPA," 42 U.S.C. § 4321, et seq.); § 611 of the Regulatory Flexibility Act, 5 U.S.C. § 601, et seq.; Executive Order 12866; the Administrative Procedure

Act, 5 U.S.C. § 551, et seq., and § 701, et seq. This court has jurisdiction of this action pursuant to those statutes and 28 U.S.C. §§ 1331, 1346, 2201 and 2202.

10. Venue is proper in this court because the affected fishery occurs, in part, off the coast of Massachusetts, the plaintiff is a Massachusetts corporation with its principal place of business in Gloucester, Massachusetts, and the offices of the Defendants are located in various cities in eastern Massachusetts. NSC notes that there is currently an action pending in the United States District Court for the District of Columbia, before the Honorable Gladys Kessler, CLF v. Evans, 00-1134, which mandated implementation of new regulations for the FMP, although that action appears moot given implementation of Amendment XIII.

## STATEMENT OF THE CASE

11. On April 27, 2004, the Secretary of Commerce published in the Federal Register a final rule amending the Northeast Multispecies Fishery Management Plan for groundfish by imposing new regulations for rebuilding of groundfish stocks.

12. The final rule, *inter alia*, sets new overfishing definitions, rebuilding schedules, gear restrictions, days at sea reductions, area closures and for the implementation of certain default measures if rebuilding goals are not met on certain stocks within given timeframes. NSC contends that the overall effect of Amendment XIII will be to marginally accelerate ongoing rebuilding efforts, at significant loss of fishing opportunity with resulting damage to fishing interests, shoreside business, communities and consumers, with a resulting long term loss to the nation. As such, the Amendment must lessen adverse impact as much as possible, and afford access to healthy fish stocks to allow achievement of optimum yield in those fisheries.

## CLAIMS FOR RELIEF
## FIRST CLAIM FOR RELIEF
## VIOLATIONS OF THE FISHERY CONSERVATION AND MANAGEMENT ACT

13. The allegations of Paragraph 1 through 12 are incorporated by reference.

14. Section 1851 of the FCMA provides that any fishery management plan ("FMP") and any regulation promulgated to implement an FMP shall be consistent with specified National Standards. In approving Amendment XIII to the FMP, Defendants have failed to adhere to these standards and have acted in contravention of several of them.

15. For the foregoing reasons, the Defendants' actions in implementing Amendment XIII was arbitrary, capricious, an abuse of discretion, in excess of statutory authority or not in accordance with law; and these actions should be set-aside by this court.

## SECOND CLAIM FOR RELIEF

## VIOLATIONS OF THE REGULATORY FLEXIBILITY ACT

16. The allegations of Paragraph 1 through 20 are incorporated by reference.

17. The Regulatory Flexibility Act, 5 U.S.C. § 601, et seq., ("RFA"), as amended in 1996 by the Small Business Regulatory Enforcement Fairness Act, requires an agency to prepare both an initial and final regulatory flexibility analysis meeting statutory requirements in connection with final rulemakings that have a "significant" economic impact on a "substantial" number of "small entities."

18. NMFS has performed a limited economic analysis but failed to fully develop and consider alternatives to lessen economic impact in violation of the RFA.

19. The purported determination under the Regulatory Flexibility Act was arbitrary, capricious, and unsupported by the evidence, since a substantial number of small entities will in fact be significantly affected by the proposed regulation, and the Agency failed to develop or consider less burdensome alternatives.

20. Plaintiff and its members commented on the significant economic effects of the proposed regulation on a substantial number of small entities, but Defendants have not yet adequately

responded to these comments at this time, and the final rule is therefore based in inadequate analysis.

21. In adopting the Endorsement Regulations, Defendants failed to prepare an adequate final regulatory flexibility analysis as required by 5 U.S.C. § 604.

22. For the foregoing reasons, Defendants' promulgation of the final rule was arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law, in excess of statutory authority, lacked observance of the procedures required by law, and unsupported by substantial evidence.

## THIRD CLAIM FOR RELIEF

## VIOLATIONS OF THE ADMINISTRATIVE PROCEDURES ACT

23. The allegations of paragraphs 1 through 22 are incorporated by reference.

24. Defendants failed adequately address comments to implement measures that would have lessened the burden the current restrictions placed on commercial fishing interests, shoreside businesses, communities and consumers.

25. In each of the foregoing respects, the Defendants' actions were arbitrary and capricious or in excess of authority in promulgating the endorsement regulations and adopting the measures contained in Amendment XIII. The record is wanting in substantial evidence that certain aspects of the rule were needed, that it was reasonably related to a legitimate objective authorized under the controlling statute, or that it would achieve their purposes. Further, the Government Defendants have repeatedly ignored substantial evidence that their "scientific" data is seriously flawed, and thus have not relied on appropriate evidence, in particular with regard to the triggering measures for the Default Measures referred to above. Even if the stated purposes of the rule are accepted as legitimate, the record shows that the effect of the

rule was broader and more harmful to plaintiffs protected interests than was necessary to achieve those purposes, and the action is therefore arbitrary and capricious. For these reasons, the Defendants' promulgation of the final rule violated requirements of the Administrative Procedures Act.

## FOURTH CLAIM FOR RELIEF
## VIOLATIONS OF THE NATIONAL ENVIRONMENTAL POLICY ACT

26. The allegations of paragraphs 1 through 23 are incorporated by reference.

27. The restrictions set for the in Amendment XIII will have a permanent and profound adverse effect on the future of fishing businesses, communities and consumers for purposes of the National Environmental Policy Act, 42 U. S. C. § 4321 et seq. ("NEPA.

28. As a result of these significant impacts, defendants were required to prepare an environmental impact statement but failed to do so adequately.

29. As a result of the Agency's inadequate analysis as required by NEPA, Amendment XIII fails to mitigate the adverse impact on the human environment.

30. For the foregoing reasons, Defendants approval of Amendment XIII, failed to comply with procedures required by law. Further, these actions were arbitrary, capricious, an abuse of discretion, not in accordance with law, in excess of statutory authority, or unsupported by substantial evidence.

## RELIEF REQUESTED

Plaintiff respectfully requests that to the extent the matters complained of herein are not corrected by ongoing rulemaking, the Court enter judgment against the Defendants as follows:

A. Declare the final rules published on April 27, 2004 are, in whole or in part, violation of the Fishery Conservation and Management Act, 16 U.S.C. § 1801 et seq., Regulatory Flexibility

Act, 5 U.S.C. § 601 et seq., the National Environmental Policy Act, 42 U.S.C. § 4321, et seq., and the Administrative Procedures Act, 5 U.S.C. § 552, et seq.;

B. Enter a preliminary and permanent injunction setting aside the final rules published in the Federal Register on April 27, 2004, including any and all subsequent corrections that were published;

C. Enjoin enforcement of the regulations, gear restrictions, days at sea restrictions and additional closures until full and timely compliance with the Regulatory Flexibility Act has occurred;

D. Award Plaintiff its reasonable costs and fees of this litigation, including expert's fees pursuant to the Equal Access to Justice Act;

E. Upon conclusion of the ongoing rulemaking, schedule this matter for expedited hearing in accordance with the provisions of the FCMA if the measures complained of have not been adequately addressed; and

F. Grant the Plaintiff such further relief as this Court deems just and proper.

**NORTHEAST SEAFOOD COALITION**
By its attorneys,

Dated: May 25, 2004

_____
Stephen M. Ouellette, Esquire
BBO No.: 543752
David S. Smith, Esquire
BBO No.: 634865
CIANCIULLI & OUELLETTE
163 Cabot Street
Beverly, MA 01915
Tel: (978) 922-9933
Fax: (978) 922-6142

Act, 5 U.S.C. § 601 et seq., the National Environmental Policy Act, 42 U.S.C. § 4321, et seq., and the Administrative Procedures Act, 5 U.S.C. § 552, et seq.;

B. Enter a preliminary and permanent injunction setting aside the final rules published in the Federal Register on April 27, 2004, including any and all subsequent corrections that were published;

C. Enjoin enforcement of the regulations, gear restrictions, days at sea restrictions and additional closures until full and timely compliance with the Regulatory Flexibility Act has occurred;

D. Award Plaintiff its reasonable costs and fees of this litigation, including expert's fees pursuant to the Equal Access to Justice Act;

E. Upon conclusion of the ongoing rulemaking, schedule this matter for expedited hearing in accordance with the provisions of the FCMA if the measures complained of have not been adequately addressed; and

F. Grant the Plaintiff such further relief as this Court deems just and proper.

**NORTHEAST SEAFOOD COALITION, INC.**
By its attorneys,

Dated: May 25, 2004

Stephen M. Ouellette, Esquire
BBO No.: 543752
David S. Smith, Esquire
BBO No.: 634865
CIANCIULLI & OUELLETTE
163 Cabot Street
Beverly, MA 01915
Tel: (978) 922-9933
Fax: (978) 922-6142

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| NORTHEAST SEAFOOD COALITION, INC. | ) | CIVIL ACTION NO. |
| Plaintiff, | ) | |
| v. | ) | COMPLAINT |
| DONALD EVANS, Secretary of the UNITED STATES DEPARTMENT OF COMMERCE; WILLIAM HOGARTH Assistant Administrator, NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION; PATRICIA KURKUL, Regional Administrator NATIONAL MARINE FISHERIES SERVICE- NORTHEAST REGION | ) | |
| Defendants. | ) | |

## CORPORATE DISCLOSURE

The Northeast Seafood Coalition, Inc. is a Massachusetts non-profit corporation, which has no shareholders.

NORTHEAST SEAFOOD COALITION, INC.
By its attorneys,

Dated: May 25, 2004

Stephen M. Ouellette, Esquire
BBO No.: 543752
David S. Smith, Esquire
BBO No.: 634865
CIANCIULLI & OUELLETTE
163 Cabot Street
Beverly, MA 01915
Tel: (978) 922-9933
Fax: (978) 922-6142

1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Northeast Seafood Coalition, Inc. v. Donald L. Evans__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [✔] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950. *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   Only in USDC DC, CLF v. Evans, 00-1134

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]    NO [✔]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]    NO [ ]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [✔]    NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]    NO [✔]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [✔]    NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
   Eastern Division [✔]    Central Division [ ]    Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
   Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]    NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Stephen M. Ouellette, Esquire, Cianciulli & Ouellette__
ADDRESS __163 Cabot Street, Beverly, MA 01915__
TELEPHONE NO. __978-922-9933__

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Northeast Seafood Coalition, Inc.

**DEFENDANTS**
Donald L. Evans, William Hogarth and Patricia Kurkul in their capacities as officials of the United States Govt.

(b) County of Residence of First Listed Plaintiff: Essex County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed ____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Stephen M. Ouellette, Esquire, Cianciulli & Ouellette
163 Cabot Street, Beverly, MA 01915

Attorneys (If Known)
Office of the United States Attorney

Filed stamp: FILED IN CLERK'S OFFICE 2004 MAY 26 A 10:47 U.S. DISTRICT COURT DISTRICT OF MASS.

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [X] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury – Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC | [ ] 423 Withdrawal 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | PERSONAL PROPERTY | [ ] 650 Airline Regs. | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 830 Patent | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | [ ] 840 Trademark | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 892 Economic Stabilization Act |
| | | | | [ ] 863 DIWC/DIWW (405(g)) | [X] 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: | | **FEDERAL TAX SUITS** | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | | [ ] 890 Other Statutory Actions |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Challenge to fishery regulations, 16 USC sec. 1855, RFA 5 USC sec. 601, NEPA 42 USC sec. 4321, APA 5 USC sec. 551

**VII. REQUESTED IN COMPLAINT:**
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ ____
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
CLF v. Evans, USDC DC
JUDGE: Kessler
DOCKET NUMBER: 00-CV-1134

DATE: May 25, 2004
SIGNATURE OF ATTORNEY OF RECORD: [signature]