IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NORTHEAST SEAFOOD COALITION, INC.,    )
                                      )
            Plaintiff,                )
                                      )
      v.                              )        Case No. 04-11115 RGS
                                      )
DONALD L. EVANS, et al.               )
                                      )
            Defendants.               )
                                      )
_____  )

**DEFENDANTS' ANSWER TO
NORTHEAST SEAFOOD COALITION'S
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Defendants Donald Evans, in his official capacity as Secretary of Commerce, William

Hogarth, in his official capacity as Assistant Administrator for Fisheries, National Oceanic and

Atmospheric Administration ("NOAA"), and Patricia Kurkul, in her official capacity as Regional

Administrator, NOAA Fisheries (collectively "defendants"), hereby answer the allegations of the

numbered paragraphs of Northeast Seafood Coalition's Complaint ("Complaint") as follows.

Any allegation that is not specifically admitted is hereby denied.  All numbered paragraphs

correspond to the numbered paragraphs in Plaintiff's Complaint.

1.      Defendants are without sufficient knowledge or information to form an opinion as to the

truth of the allegations contained in paragraph 1 and on that basis deny them.

2.      The allegations in sentences 1, 3 and 4 characterize the Plaintiff's case, which require no

response.  The remaining allegations purport to characterize the Magnuson-Stevens Fishery

Conservation and Management Act ("Magnuson-Stevens Act"), 16 U.S.C. §§ 1801 *et seq.*,

which speaks for itself.  Any allegations contrary to its plain language and meaning are denied.

3.      The allegations in paragraph 3 contain characterizations of Plaintiff's case, are

conclusions of law, or characterize administrative record documents for Amendment 13 to the

Northeast Multispecies Fishery Management Plan ("Amendment 13"), which speak for

themselves and are the best evidence of their contents.  Any allegations contrary to their plain

language and meaning are denied.

4.      The allegations contained in paragraph 4 characterize Plaintiff's case, which require no

response.

5.      Defendants are without sufficient knowledge or information to form an opinion as to the

truth of the allegations contained in this paragraph and on that basis denies them.

6.      In response to the allegations in this paragraph, Defendants admit that Donald Evans is

the Secretary of Commerce.  The remaining allegations purport to characterize the Magnuson-

Stevens Act, which speaks for itself.  Any allegations contrary to its plain language and meaning

are denied.

7.      Defendants deny the first sentence of paragraph 7 as stated, and further state that William

Hogarth is the Assistant Administrator for Fisheries, NOAA.  Defendants admit the second

sentence in paragraph 7.  To the extent that the third sentence of paragraph 7 characterizes

regulations at 50 C.F.R. Part 600, Defendants assert that the regulations are the best evidence of

their contents and no response is required.

8.      Defendants deny that Patricia Kurkul is the acting Regional Administrator of the National

Marine Fisheries Service (NMFS), and assert that Patricia Kurkul is the Regional Administrator

of NMFS.  Defendants admit the second sentence in paragraph 8.  To the extent that the third

sentence of paragraph 8 characterizes regulations at 50 C.F.R. Part 600, Defendants assert that

the regulations are the best evidence of their contents and no response is required.

9.      The allegations contained in paragraph 9 are conclusions of law to which no response is required.

10.      The allegations in the first sentence of paragraph 10 are conclusions of law to which no response is required.  The allegations contained in the second sentence of paragraph 10 purport to characterize <u>Conservation Law Foundation v. Evans</u>, Civ. No. 00-1134 (D.D.C.), and require no response.  To the extent the allegations purport to characterize the status of that litigation, defendants note that the court's file in that case has been closed and the matter is no longer pending on the merits.

11.      Defendants admit that the Secretary of Commerce published a final rule in the Federal Register on April 27, 2004.  The remainder of paragraph 11 purports to characterize the contents of the rule which speaks for itself.

12.      The allegations contained in the first sentence of paragraph 12 purport to characterize the final rule implementing Amendment 13, and Defendants assert the final rule is the best evidence of its contents and no response is required.  The remaining allegations contain characterizations of Plaintiff's case and are conclusions of law and no response is required.  To the extent any response to the remaining allegations is required, those allegations are denied.

13.      Defendants incorporate herein by reference their responses to all preceding paragraphs.

14.      The allegations contained in the first sentence of paragraph 14 purport to characterize the Magnuson-Stevens Act, which speaks for itself.  Any allegations contrary to its plain language and meaning are denied.  The allegations contained in the second sentence of paragraph 14 are conclusions of law to which no response is required.  To the extent that any response to this allegation is required, Defendant denies those allegations.

15.    The allegations contained in paragraph 15 are conclusions of law to which no response is required.  To the extent that any response is required to the allegations in paragraph 15, Defendants deny those allegations.

16.    Defendants incorporate herein by reference their responses to all preceding paragraphs.

17.    The allegations contained in paragraph 17 purport to characterize the Regulatory Flexibility Act, 5 U.S.C. § 601 et seq., which speaks for itself.  Any allegations contrary to its plain language and meaning are denied.

18.    The allegations contained in paragraph 18 are conclusions of law which do not require a response.

19.    The allegations contained in paragraph 19 are conclusions of law which do not require a response.

20.    To the extent that the allegations contained in paragraph 20 refer to written comments by Plaintiff and its members, those comments speak for themselves and no response is required. Defendants deny the remaining allegations.

21.    The allegation contained in paragraph 21 is a conclusion of law which does not require a response.

22.    The allegations contained in paragraph 22 are conclusions of law which do not require a response.

23.    Defendants incorporate herein by reference their responses to all preceding paragraphs.

24.    The allegations contained in paragraph 24 are conclusions of law and Plaintiff's characterization of their case which does not require a response.

25.    The allegations contained in the first, second and fifth sentences of paragraph 25 are

conclusions of law which do not require a response.  Defendants deny the allegations contained in the third and fourth sentences of paragraph 25.

26.    Defendants incorporate herein by reference their responses to all preceding paragraphs.

27.    The allegations contained in paragraph 27 are conclusions of law and Plaintiff's characterization of their case which does not require a response.

28.    The allegation contained in paragraph 28 is a conclusion of law which does not require a response.

29.    The allegation contained in paragraph 29 is a conclusion of law which does not require a response.

30.    The allegations contained in paragraph 30 are conclusions of law which do not require a response.

The allegations set forth under the heading "RELIEF REQUESTED" constitute Plaintiff's characterization of the relief it seeks, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief they seeks or to any relief whatsoever.

## GENERAL DENIAL

Defendants deny any allegations of the Complaint, whether express or implied, that are not expressly admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

1.    Plaintiff fails to state a claim upon which relief may be granted.

2.    Venue may be more appropriate in another forum.

DATED:        November 12, 2004.        THOMAS L. SANSONETTI
                                        Assistant Attorney General

Environment and Natural Resources Division

/s/ Kristen L. Gustafson

for

_____

ADAM ISSENBERG, Senior Attorney
Wildlife and Marine Resources Section
COBY HOWELL, Trial Attorney
Environment and Natural Resources Division
Wildlife and Marine Resources Section
U.S. Department of Justice
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
(202) 305-0201

Attorneys for Defendants