IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NORTHEAST SEAFOOD COALITION, INC.,    )
                                       )
      Plaintiff,                         )
                                       )
      v.                                 )   Case No. 04-11115 RGS
                                       )
DONALD L. EVANS, et al.                )
                                       )
      Defendants.                        )
                                       )
_____)

**FEDERAL DEFENDANT'S MOTION TO TRANSFER**

Pursuant to 28 U.S.C. § 1404(a), the Federal Defendant, Donald Evans, Secretary of the Department of Commerce, respectfully requests the Court to transfer the above-captioned action to the District of Columbia for the sake of judicial economy and so that the present case may be coordinated with related consolidated cases pending in the United States District Court for the District of Columbia.[1]

BACKGROUND

On April 27, 2004, the National Marine Fisheries Service ("NMFS") published a final rule implementing Amendment 13 to the Northeast Multispecies (Groundfish) Fishery Management Plan ("FMP"), 69 Fed. Reg. 22,906 (April 27, 2004) ("Amendment 13 Final Rule"), pursuant to the Magnuson-Stevens Fishery Conservation and Management Act, 16 U.S.C. § 1854(a),(b) ("Magnuson Act"). Shortly after the Final Rule was published, a number of environmental groups, and fishing industry groups, including plaintiff in this case, filed actions challenging the validity of Amendment 13. *See Oceana v. Evans,* No. 04-811(D.D.C.);

---

[1] Co-counsel for the defendants attempted to contact counsel for plaintiff regarding this motion, but received no response prior to the time of filing.

*Conservation Law Found. v. Evans*, No. 04-839 (D.D.C.) ("*CLF v. Evans II*"); *Trawlers Survival Fund v. Evans*, No. 04-862 (D.D.C.) ("*TSF v. Evans*") (Exhibit 3); *Associated Fisheries of Maine v. Evans*, No. 04-108 (D. Me.) ("*AFM v. Evans*").[2] The three cases in the District of Columbia have been consolidated under the caption *Oceana v. Evans*, No. 04-811 (D.D.C.). The parties are presently briefing summary judgment in those cases. Defendants moved to transfer *AFM v. Evans* to the District of Columbia as well. The court denied that motion. Summary judgment briefing in that case is complete.

Like the instant case, all of the above-referenced cases challenge discrete aspects of Amendment 13, and although the parties present different issues and are occasionally in complete opposition to one another, all of these cases are interrelated. The following discussion of the underlying litigation history will be helpful to convey the relationship between these cases.

### A.   *Fisheries Management and the Magnuson Act*

The Magnuson Act, 16 U.S.C. §§ 1801-1883, provides the Secretary of Commerce, by and through NMFS, authority to regulate domestic fisheries where necessary and appropriate. *Id.* §§ 1811, 1853. Among other things, the Act authorizes development of federal Fishery Management Plans, which are prepared by regional fishery management councils and are approved, implemented, and enforced by NMFS. *Id.* §§ 1852-54. One such council is the New England Fishery Management Council ("Council"), which is responsible for fisheries seaward of

---

[2] Although the complaint in this case was filed on May 26, 2004, plaintiff waited until September to serve the complaint, ostensibly in the hope that subsequent administrative action would address their concern with Amendment 13. See Compl. ¶ 2. Framework 40A, the new action to which plaintiff refers, may be published shortly. After that occurs, some or all of plaintiff's concerns may be resolved.

the New England States, including the Groundfish Fishery.  *See* 16 U.S.C. § 1852(a)(1)(A).  The Council developed, and NMFS approved, a FMP for the Groundfish Fishery ("Groundfish FMP"), which has been amended several times.  *See Conservation Law Found. v. Evans*, 209 F. Supp.2d 1, 7 (D.D.C. 2001) ("*CLF v. Evans I*").

    B.    *The Underlying Litigation*

In 2001 several environmental groups sought judicial review of the Groundfish FMP alleging, among other things, that NMFS violated the overfishing and rebuilding provisions of the Magnuson Act.  *CLF v. Evans I*, 209 F.Supp.2d at 5.  On December 28, 2001, the U.S. District Court for the District of Columbia granted summary judgment in favor of the environmental groups and, as a result, initiated a remedial phase of litigation.  *Id.*  Soon after this order was entered, several States and fishing industry groups, including the Plaintiff in the instant case, filed motions to intervene or to participate as *amicus curiae*.  *See CLF v. Evans I*, 211 F.Supp.2d 55 (D.D.C. 2002).

Once all the parties were established, the remedial phase commenced entailing extensive mediation and settlement negotiations which produced a Settlement Agreement Among Certain Parties ("Settlement Agreement").  *Id.* at 57.  The Settlement Agreement adopted and presented to the court a stepped-up approach to remedy the deficiencies the court had found to exist within the Groundfish FMP, contemplating a series of Interim Final Rules to reduce overfishing and bycatch in the short-term, followed by a longer-term effort to promulgate a full FMP amendment ("Amendment 13"), which is now the subject of this litigation.  *Id.* at 57-58.  In the amended remedial order, the court endorsed the Settlement Agreement and directed NMFS to implement the Amendment 13 Final Rule by August 22, 2003 (the deadline was subsequently extended to

May 1, 2004). *Id.* at 58. Notably, the Plaintiff in the instant case participated in the remedial phase of *CLF v. Evans I* in the U.S. District Court for the District of Columbia. However, plaintiff NSC did not join the Settlement Agreement and opposed the adoption of the agreement by the court.

**C. *The Amendment 13 Final Rule***

In accordance with the U.S. District Court for the District of Columbia's amended remedial order, NMFS published the Amendment 13 Final Rule on April 27, 2004, implementing a number of measures designed to end overfishing and rebuild New England groundfish stocks. 69 Fed. Reg. at 22,906. As stated above, a number of environmental groups, as well as industry groups, are now challenging different aspects of Amendment 13, alleging violations of the Magnuson Act, National Environmental Policy Act ("NEPA"), Administrative Procedure Act ("APA"), and the Regulatory Flexibility Act ("RFA"). Because all of these claims challenge the validity of the Final Rule and resolution of these claims will utilize the same administrative record, the parties filing in the District of Columbia agreed upon terms for consolidation of those cases and a case management plan.

## DISCUSSION

**A. *Transfer Is Committed To The Discretion Of This Court.***

Pursuant to 28 U.S.C. § 1404(a), the Court may transfer any civil action to any other federal judicial district where the case might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." The Supreme Court has explained that section 1404(a) "reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice." *Van Dusen v.*

*Barrack*, 376 U.S. 612, 616 (1964) (citations omitted). "Thus, as the Court recognized in *Continental Grain Co. v. Barge F.B.L.*, 364 U.S. 19, 26, 27 (1960), the purpose of the section is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense . . . .'" *Id.*

The decision whether to transfer under section 1404(a) is committed to the sound discretion of the district court. *Service Employees Int'l Union v. Local 1199*, 70 F.3d 647, 655 (1st Cir. 1995). Moreover, a plaintiff's choice of forum is entitled to considerable weight and a defendant seeking transfer bears the burden of demonstrating that transfer is warranted. *Id.* Section 1404(a) sets forth three factors for consideration in determining whether to transfer: the convenience of the parties, the convenience of witnesses, and the interests of justice. *E. & J. Gallo Winery v. F. & P.S.P.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994).[3]

> **B.    *The "Interest Of Justice" Factor Militates In Favor Of Transfer To The District Of Columbia.***

The determinative factor in deciding whether to transfer this case is the "interest of justice" factor. As Wright and Miller explain, it is well-established that the interest of justice is an important factor that must be considered on its own, separate and apart from the question of convenience of the parties and witnesses. Charles Alan Wright & Arthur Miller, Federal

---

[3] Section 1404(a) also requires that the transferee court be one in which the action "might have been brought." 28 U.S.C. § 1404(a). The federal court in the District of Columbia is another court in which this case "might have been brought." See 28 U.S.C. § 1391(e). Here, Plaintiff bases its claims on federal question jurisdiction, the grant of jurisdiction under the APA and the Magnuson Act, among other statutes. Pls.' Compl. at ¶ 9. To the extent that this Court has jurisdiction over those claims, the United States District Court for the District of Columbia would also have subject-matter jurisdiction. In addition, venue is proper because the Federal Defendant resides in the District of Columbia. See 28 U.S.C. § 1391(e)(1)-(3). Clearly, this case could have been brought in the District of Columbia.

Practice and Procedure, § 3854 (citing cases). The "interest of justice", for the purposes of section 1404(a), includes such concerns as ensuring speedy trials, trying related litigation together, and having a judge who is familiar with local law try the case. *See e.g. Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989); *see also E. & J. Gallo Winery*, 899 F. Supp. at 466 (court should consider judicial economy); *Eskofot A/S, v. E.I. Du Pont De Nemours & Co.*, 872 F.Supp. 81, 95 (S.D.N.Y. 1995) (among other factors, court must weigh "trial efficiency and the interest of justice, based on the totality of the circumstances"); *ROC, Inc. v. Progress Drillers, Inc.*, 481 F.Supp. 147, 152 (W.D. Okla. 1979) (noting that court should consider practical problems that make trial of a case easy, expeditious, and inexpensive).

      The interest of justice militates in favor of transferring this case to the federal court in the District of Columbia because these are related cases involving common issues of fact growing out of the same event or transaction. At its core, the Plaintiff's challenge in the instant case is that Amendment 13, violates the Magnuson Act and the APA. *See* Pls.' Compl. ¶¶ 3-6, 55-59. Although not identical, Plaintiff's claims factually overlap with the claims that are made in the other cases such as *TSF v. Evans*. *Compare, e.g., TSF v. Evans*, Compl. at ¶ 113 (alleging that prohibition on fishing outside the U.S./Canada Resource Sharing Areas and within the Western U.S./Canada area on the same trip imposes unnecessary and unreasonable costs in violation of Magnuson Act) *with* Pls.' Compl. at ¶ 3b ("Amendment XIII places unworkable restrictions on fishing effort under the Transboundary Sharing Agreement with Canada).

      Plaintiff's claims also overlap with the environmental groups' claims – albeit in complete opposition – in that both are challenging the restrictions placed in the fishery to prevent

overfishing and facilitate rebuilding.  *Compare*, *CLF v. Evans II,* Compl. at ¶ 74 (Exhibit 2) ("Amendment 13 fails to prevent overfishing of the New England groundfish fishery and fails to rebuild such stocks as soon as possible.") *with* Pls.' Compl. at ¶ 12 ("NSC contends that the overall effect of Amendment XIII will be to marginally accelerate ongoing rebuilding efforts, at significant loss of opportunity with resulting damage to fishing interests * * *, with a resulting long term loss to the nation.").  These cases undoubtably involve common issues of fact and law emanating from Amendment 13.

      Coordination of these related cases involving the same Final Rule will serve judicial economy and the parties by ensuring an efficient resolution that will avoid unnecessary expense and duplication of effort.  *See e.g. Farbenfabriken Bayer A.G. v. National Distillers & Chem. Corp.*, 324 F. Supp. 156, 157 (S.D.N.Y. 1971); *SEC v. First National Fin. Corp.*, 392 F. Supp. 239, 241 (N.D. Ill. 1975); *General Electric Co. v. FTC*, 411 F. Supp. 1004, 1011 (N.D.N.Y. 1976) (Transfer under 28 U.S.C. § 1404(a) is a "tested and efficient policy that works well to put together in one District Court issues of similarity and thus reduce a proliferation of judicial decision making.").  Transferring this case will serve judicial economy for several reasons.  Only one court will have to familiarize itself with the administrative record and develop an understanding of the lengthy administrative proceedings and the various statutory mandates that Amendment 13 addresses, as well as the extensive scientific background materials that underlie and support the action.  In addition, coordinated proceedings will avoid the possibility of conflicting orders and will ensure that all parties' claims are heard in an orderly fashion so that each party is assured that its claims will receive due consideration.  Transferring this action will also serve the public interest by avoiding costs associated with unnecessary duplication of effort.

Clearly, the interests of justice would be served by transferring this case to the District of Columbia.

      **C.**    *The Convenience Of The Parties Does Not Favor Either Jurisdiction.*

In the present case, the convenience of the parties does not appear to militate in favor of either jurisdiction. The final decision with respect to the Amendment 13 Final Rule was made in the D.C. metropolitan area at NMFS' headquarters in Silver Spring, Maryland, while the analysis was done both in Gloucester, Massachusetts, with assistance from NMFS' research arm in Woods Hole, and at NMFS' headquarters in Silver Spring. Although the Plaintiff is a local organization with interests in New England, the Northeast Seafood Coalition participated in *CLF v. Evans I* in the District of Columbia, demonstrating that it is not inconvenienced by conducting litigation in that district. Moreover, there will be minimal need to travel to the District of Columbia, given that there is unlikely to be any discovery or trial in this case seeking judicial review of agency action on the agency's administrative record. See 16 U.S.C. § 1855(f). For these same reasons, the convenience of witnesses is not a relevant consideration.

In view of the forgoing, it is apparent that the issues in this case and the District of Columbia cases are related to an extent that suggests that the interests of justice require, at a minimum, that they be heard in the same court and before the same judge.

## CONCLUSION

For the forgoing reasons, the Federal Defendant respectfully request that the Court transfer this matter to the United States District Court for the District of Columbia.

Dated: November 12, 2004.                Respectfully Submitted,

                                                THOMAS L. SANSONETTI

Assistant Attorney General
Environment and Natural Resources Division

/s/ Kristen L. Gustafson

for

_____
ADAM ISSENBERG, Senior Attorney
COBY HOWELL, Trial Attorney
Environment and Natural Resources Division
Wildlife and Marine Resources Section
U. S. Department of Justice
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
(202) 305-0201

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NORTHEAST SEAFOOD COALITION, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 04-11115 RGS |
| DONALD L. EVANS, et al. | ) |
| Defendants. | ) |

**ORDER**

Upon consideration of defendants' motion to transfer, and any opposition thereto, IT IS HEREBY ORDERED that the motion shall be GRANTED, and this action shall be transferred to the United States District Court for the District of Columbia, pursuant to 28 U.S.C. § 1404(a).

DATED: _____        _____
                                    UNITED STATES DISTRICT JUDGE